# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:23-CV-00124 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DSCS ROWE, *et al.*, | |
| Defendants. | |

## **MEMORANDUM OPINION & ORDER**

### **JULY 17, 2023**

Plaintiff Jerome Junior Washington is a serial *pro se* litigant who has inundated federal courts in Pennsylvania with dozens of civil rights lawsuits over the past seven years. As far as this Court is able to ascertain, none of those lawsuits have been found—by judge or jury—to have merit. Washington filed the instant lawsuit in January 2023,[1] his *seventh* such case in this Court. He is suing two prison officials at SCI Rockview under 42 U.S.C. § 1983 for alleged constitutional deprivations.

Washington's complaint, like many of his other filings in this Court, is extremely difficult to parse. It is 18 single-spaced, handwritten pages, which contain no margins[2] and require an appendix (which Washington provides) to

---

[1] *See generally* Doc. 1.

[2] Local Rule of Court 5.1 requires one-inch margins for all filings. *See* LOCAL RULE OF COURT 5.1(c). This rule is important because it allows for the CM/ECF electronic header, and it prevents written material from being cut off when scanned by the Clerk of Court.

navigate.[3]  Despite having been admonished on numerous past occasions regarding the character of his pleadings, Washington continues to make the same pleading errors over and over again.  For example, despite being told (in other litigation) that he must not include word-for-word quotations of irrelevant prison policy, regulations, or past prison grievances, Washington again fills multiple pages with such quotations.[4]  His pleading consists mainly of run-on sentences, making comprehension of his claim or claims nearly impossible.[5]  Although it appears that Washington is attempting to assert an Eighth Amendment conditions-of-confinement claim, it is simply impossible to ascertain the contours of his claim due to his overly complicated and needlessly lengthy complaint.

"Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."[6]  A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[7]  As the United

---

3   *See generally id.*; Doc. 1-1.
4   *See, e.g.*, Doc. 1 ¶¶ 19-21, 23, 25-39, 43-45.
5   *See, e.g., id.* ¶¶ 4, 7, 16, 17, 43-46, 51-52.
6   *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).
7   *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[8]

Washington has been provided with explicit instructions regarding how to remedy his "excessively prolix and overlong" pleadings in other cases before this Court.[9]  Yet he continues to disregard those instructions, violating this Court's directives and the Federal Rules of Civil Procedure.  Simply put, Washington—a serial *pro se* civil litigant with dozens of cases filed in the Eastern, Middle, and Western districts of Pennsylvania—should understand by now what is required under Rule 8 of the Federal Rules of Civil Procedure.  Not only does his overly complicated and excessively verbose pleading burden the Court, it also makes it nearly impossible for Defendants to respond to his allegations.  Consequently, the Court will dismiss Washington's complaint without prejudice and give him the opportunity to try again.  The Court strongly advises Washington to heed the pleading instructions that he has received in this and other cases before this Court.

---

[8]   *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), *cert. denied*, __ U.S. __, 140 S. Ct. 1611 (2020) (alteration in original).

[9]   *See, e.g.*, *Washington v. Salamon*, No. 4:21-cv-01746, Doc. 70 (M.D. Pa. March 3, 2023).

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY**

**ORDERED** that:

1.   Washington's complaint (Doc. 1) is **DISMISSED** without prejudice.

2.   Washington will be given the opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's prior Orders.

3.   Washington shall have **21 days** from the date of this Order in which to file said amended complaint.

4.   If Washington fails to comply with this Court's instructions, the Court will be constrained to dismiss Washington's complaint with prejudice.

5.   In light of the foregoing paragraphs, Washington's motion for appointment of counsel (Doc. 3) is **DISMISSED** as moot and without prejudice.


BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge