IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON, | No. 4:23-CV-00124 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| DSCS ROWE, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### OCTOBER 30, 2023

Plaintiff Jerome Junior Washington, a serial *pro se* litigant, filed the instant Section 1983[1] lawsuit concerning the alleged loss of personal property during his incarceration at the State Correctional Institution, Rockview (SCI Rockview). Washington's amended complaint fails to state a claim upon which relief may be granted, so it will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### I.    BACKGROUND

Washington is a serial *pro se* prisoner litigant who has inundated the federal courts with scores of frivolous civil rights cases and appeals, which are dismissed or fail on the merits. He is currently incarcerated at SCI Forest.[2]

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* Doc. 16 ¶ 6.

Washington initiated this case by filing a complaint in January 2023.[3] That complaint, however, was dismissed for violating Federal Rules of Civil Procedure 8(a) and 8(d)(1).[4] Washington filed an amended complaint[5] in August 2023, which is now the operative pleading.

In his amended complaint, Washington alleges that defendants DSCS Rowe and Unit Manager Knapp "confiscate[ed] or destroyed" a "pop-out" children's book that Washington had created to send to a museum.[6] Washington asserts that he made multiple requests for the book's return, but it was never given back to him.[7] He claims that, upon requesting the book's return, Knapp told him to write to the security department or "file a lawsuit."[8] Washington also alleges that he was retaliated against "because of Plaintiff suing SCI-Rockview BMU prison officials" by being issued a "falsified misconduct" on January 4, 2023.[9]

Washington names Rowe and Knapp as defendants.[10] He asserts that he is raising claims under the Eighth and Fourteenth Amendments.[11] Because his

---

[3]   *See generally* Doc. 1.
[4]   *See* Doc. 15.
[5]   Doc. 16.
[6]   *Id.* ¶¶ 10, 11, 21, 22.
[7]   *Id.* ¶¶ 11, 15, 18.
[8]   *Id.* ¶¶ 19, 20.
[9]   *Id.* ¶¶ 12, 16, 23, 25.
[10]  *Id.* ¶¶ 7, 8.
[11]  *Id.* ¶ 3.

pleading fails to state a claim for relief, the Court will dismiss the amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will give Washington one final opportunity to amend.

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[12]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[13]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[14]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[15]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[16]  In addition to the facts alleged on the face of

---

[12] *See* 28 U.S.C. § 1915A(a).
[13] *Id.* § 1915A(b)(1).
[14] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[15] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[16] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[17]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[18] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[19] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[20] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[21] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]

Because Washington proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held

---

[17] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[18] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[19] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[20] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[21] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[22] *Iqbal*, 556 U.S. at 681.

to less stringent standards than formal pleadings drafted by lawyers[.]"²³  This is particularly true when the *pro se* litigant, like Washington, is incarcerated.²⁴

### III.  DISCUSSION

Washington's amended complaint appears to assert claims regarding alleged retaliation and deprivation of personal property by state actors.  Although Washington cites the Eighth and Fourteenth Amendments, his allegations do not involve any type of Eighth Amendment protection.  In no way could the loss of an art project rise to the level of cruel and unusual punishment, and his retaliation claim implicates the First Amendment.  The Court will therefore review the sufficiency of Washington's Fourteenth Amendment due process claim and First Amendment retaliation claim.

####   A.   Fourteenth Amendment Deprivation of Property

As best the Court can ascertain, Washington is trying to assert a Fourteenth Amendment claim of deprivation of property without due process of law.²⁵  This constitutional tort, however, has significantly limited application.  Most acutely, such a due process claim is unavailable when "adequate state post-deprivation remedies are available."²⁶

---

²³   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
²⁴   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
²⁵   *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).
²⁶   *Id.* at 533.

Washington's complaint is silent as to whether adequate state post-deprivation remedies exist for the alleged loss of his artwork. However, the Court observes that state tort law provides a remedy for the claim Washington is asserting.[27] Additionally, the United States Court of Appeals for the Third Circuit has held that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results.[28] Thus, to the extent that Washington is asserting a Fourteenth Amendment deprivation-of-property claim for the loss of his artwork, that claims fails as a matter of law and must be dismissed.[29]

### B.     First Amendment Retaliation

Washington additionally appears to assert a First Amendment retaliation claim. To state a *prima facie* First Amendment retaliation claim, a prisoner must allege that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of

---

[27] *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *Thompson v. Ferguson*, 849 F. App'x 33, 35-36 (3d Cir. 2021) (nonprecedential) (noting that Fourteenth Amendment due process property deprivation claim, for either negligent or intentional deprivation, fails as a matter of law due to existence of state post-deprivation remedies); *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies); *see also Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) (explaining intentional tort of conversion).
[28] *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).
[29] See *Thompson*, 849 F. App'x at 35-36; *Cruz*, 566 F. App'x at 160.

ordinary firmness from exercising his First Amendment rights, and (3) the inmate's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[30]

Washington's amended complaint primarily falters at the third element, often referred to as "causation." He alleges that he was issued a falsified misconduct by "Group Activities Specialist Ms. Izzo" on January 4, 2023, in retaliation for "suing SCI-Rockview BMU prison officials," presumably Rowe and Knapp.[31] Filing a lawsuit is protected First Amendment activity,[32] and being charged with a misconduct is generally considered to be an actionable adverse action.[33]

Where Washington falls short is establishing causation. He does not explain why Izzo (who is not a party to this case) would be motivated to file a misconduct against him based on his previous lawsuit against Rowe or Knapp.[34] Such a

---

[30] *Wisniewski*, 857 F.3d at 156 (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[31] Doc. 16 ¶¶ 12, 25.
[32] *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).
[33] *See Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (finding that "Class I misconduct" was an adverse action). Washington claims that his misconduct was an "informal resolution," (*see* Doc. 16 ¶ 23), which generally implicates a less serious offense. The Court assumes, without deciding, that such a misconduct—*i.e.*, one that is subject to informal resolution—is an actionable adverse action.
[34] It appears that Washington may be referring to a prior case he filed in this district, *Washington v. Knapp*, No. 4:22-cv-1269 (M.D. Pa.). There does not appear to be a previous case filed against Rowe.

conclusory allegation does not establish knowledge of the protected conduct[35] or show causation. This deficiency brings to light a bigger issue with Washington's amended complaint: it fails to allege that Rowe or Knapp took an adverse action against him in the first instance, because the misconduct was issued by Izzo (not Rowe or Knapp). For these reasons, Washington's amended complaint fails to establish that Rowe or Knapp took an adverse action against him due to Washington's protected First Amendment conduct. The claim, therefore, must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C.  Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[36] As to the deprivation-of-property claim, leave to amend will be denied as futile because Washington's pleading deficiencies cannot be cured by amendment.[37] Washington has not stated, and cannot state, a Fourteenth Amendment deprivation-of-property due process claim with respect to the alleged loss of his artwork. Out of an abundance of caution, the

---

[35] *See Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted) (explaining that plaintiff asserting retaliation "will have to show . . . that the decision maker had knowledge of the protected activity").

[36] *Grayson*, 293 F.3d at 114.

[37] *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation and internal quotation marks omitted)).

Court will give Washington one final opportunity to plead a viable First Amendment retaliation claim.

If Washington chooses to file a second amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The second amended complaint should set forth Washington's retaliation claim in short, concise, and plain statements, and in sequentially numbered paragraphs. Washington must leave one-inch margins on all four sides of his pleading.[38] He *may not* include claims that have been dismissed with prejudice. Washington must also specify the offending actions taken by a particular defendant, sign the second amended complaint, and indicate the nature of the relief sought. Failure to comply with these instructions will result in the Court striking the amended pleading.

If Washington does not timely file a second amended complaint, the Court will dismiss the retaliation claim with prejudice and close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Washington's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which

---

[38] *See* LOCAL RULE OF COURT 5.1

relief may be granted.  Limited leave to amend will be provided.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

10